550 A.2d 370

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

James A. URISKO.

Misc. (Subtitle BV) No. 29, Sept. Term, 1987.

Court of Appeals of Maryland.

Nov. 29, 1988.

Kendall R. Calhoun, Asst. Bar Counsel, Atty. Grievance Com'n of Maryland, for petitioner.

Stanton J. Gildenhorn, Rockville, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

PER CURIAM.

The Attorney Grievance Commission (Commission) through Bar Counsel filed a petition for disciplinary action against the respondent, James A. Urisko (Urisko), alleging violations of the Disciplinary Rules of the Code of Professional Responsibility. Pursuant to Maryland Rule BV9b, this Court referred the matter to Judge L. Leonard Ruben of the Circuit Court for Montgomery County. After reviewing the parties' stipulations of facts, Judge Ruben filed a written memorandum as follows:

## FINDINGS OF FACT

The Court adopts the Stipulations of Facts as submitted by parties' counsel:

In or around November, 1983, Linda M. Remsburg, who was then represented by another attorney, consulted the Respondent, James A. Urisko, regarding her domestic situation and a Proposed Separation and Property Settlement Agreement. The Respondent indicated to Mrs. Remsburg that she could possibly do better than the proposed settlement because of her involvement in the business operated by her husband and that she should consult with her attorney with respect to this matter.

Mrs. Remsburg discharged her attorney and took her file and records to the Respondent in late 1983.

On or about March 1, 1984, the Respondent wrote to the attorney representing Mrs. Remsburg's husband advising of his representation of Mrs. Remsburg and suggesting further negotiation. The Respondent received no response to that letter and did not direct any further correspondence to opposing counsel. In that month, Respondent also telephoned opposing counsel but his call was not returned.

In or around, March, 1984, Mrs. Remsburg paid the Respondent $750 toward his fee for representation in her domestic case. The Respondent failed to pursue any interim or pendente lite support for Mrs. Remsburg despite her requests that he do so. The Respondent met with Mrs. Remsburg on various occasions to discuss her case but failed to take any further action until she advised him of the pending foreclosure on the marital home in or around October, 1984. With the assistance of the Respondent, the Remsburgs were able to sell the home privately prior to foreclosure sale.

On or about October 24, 1984, the Respondent filed a Complaint for Divorce on behalf of Mrs. Remsburg. In November, 1984, Mrs. Remsburg gave the Respondent an additional $2,000 toward fees and costs of her divorce action.

On or about November 1, 1985, when the divorce case was heard, the Respondent failed to produce any witnesses or expert testimony concerning the value of the business the parties had operated. The divorce was granted to the husband on his Cross–Complaint due to the failure to establish the allegations of Mrs. Remsburg's Complaint. The Respondent failed to take the necessary steps, pursuant to Title 8–203 of the Family Law Article, to reserve the issue of valuation of the business as marital property and to obtain a monetary award for Mrs. Remsburg. The Respondent advised Mrs. Remsburg that the valuation of the marital property would be subsequently determined and thereafter periodically indicated to her that "he was working on the matter." The Respondent failed to take any further action to pursue that issue.

The Respondent failed to provide any billings to his client or otherwise account for the $2,750 paid to him in this matter despite requests for such accountings but voluntarily returned $2,000 to the client in December, 1987.

## CONCLUSIONS OF LAW

After reviewing the report of Jan Polissar, M.D., as submitted by Respondent's counsel, it is this Court's belief that the Respondent's conduct in the underlying action was not a result of any physical or mental impairment.

Respondent has been a practicing member of the Maryland Bar for more than ten (10) years. It is noted that, notwithstanding the Court's findings, the report by Dr. Polissar represents to the Court that Mr. Urisko suffers from alcoholism for which he is presently seeking treatment. The report further acknowledges that alcoholism did not create any obvious intellectual impairment, but rather that Mr. Urisko's specific behavior in the case at question derives more from his own weakness in setting limits on the demands of clients. Needless to say, this behavior concerns the Court as it interferes with his ability to effectively and competently represent clients.

Accordingly, the Court finds from the above facts that the Respondent did violate Disciplinary Rules 1–102(A)(4), 6–101(A)(2)(3), 7–101(A)(1)(2)(3), and 9–102(B)(3).

Disciplinary Rule 1–102 Misconduct:

(A) A lawyer shall not:

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

The Respondent violated this section by representing to Mrs. Remsburg that he was working on the valuation of the business as marital property when, in fact, such action was not taken.

Disciplinary Rule 6–101

(A) A lawyer shall not:

(2) Handle a legal matter without preparation adequate in the circumstances.

(3) Neglect a legal matter entrusted to him.

Disciplinary Rule 7–101

(A) A lawyer shall not intentionally:

(1) Fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, except as provided by DR 7–101(B). A lawyer does not violate this Disciplinary Rule, however, by acceding to reasonable requests of opposing counsel which do not prejudice the rights of his client, by being punctual in fulfilling all professional commitments, by avoiding offensive tactics, or by treating with courtesy and consideration all persons involved in the legal process.

(2) Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2–110, DR 5–102, and DR 5–105.

(3) Prejudice or damage his client during the course of the professional relationship, except as required under DR 7–102(B).

Respondent failed to adequately prepare Mrs. Remsburg's divorce hearing regarding the issue of valuation of the business, in that he failed to produce any witnesses or expert testimony concerning its value. Furthermore, Respondent neglected Mrs. Remsburg's domestic case by failing to pursue any interim or pendente lite support, by failing to take the necessary steps in reserving the issue of valuation regarding the business for purposes of obtaining a monetary award, and by failing to pursue the issue of valuation and monetary award after the divorce was granted. As a result of Respondent's inactions in his preparation of litigation during the course of the proceeding, he prejudiced his client's ability to seek anticipated relief.

DR 9–102 Preserving Identity of Funds and Property of a Client.

(B)(3) A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

Finally, Respondent violated DR 9–102(B)(3) by failing to provide any billings to Mrs. Remsburg or an accounting for fees paid to him, although he did voluntarily refund most of the fees to her.

A violation of the Disciplinary Rules places Respondent in automatic violation of Disciplinary Rule 1–102(A)(1) which states:

"Misconduct"

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

Urisko did not except to Judge Ruben's findings of facts and conclusions of law. He contends that the presence of certain mitigating factors warrant a reprimand as the appropriate sanction. Those circumstances include the respondent's psychiatric treatment for his alcoholism and anxiety neurosis, his remorseful admission of guilt, and his voluntary refunding of the majority of the fees paid to him by Mrs. Remsburg. On the other hand, the Commission recommended that Urisko be suspended from the practice of law for a period of six months, noting that the respondent received a private reprimand from the Review Board for neglect of another matter during a period of time which overlapped the neglect of Mrs. Remsburg's affairs.

In making a determination of an appropriate sanction, we bear in mind the following:

"Where an attorney has been shown to have been negligent, or inattentive to his client's interests, or to have exhibited a lack of professional competency in the handling of a client's affairs, in violation of the canons or of a statute, the imposition of some disciplinary sanction against him may be warranted; the extent of the discipline to be applied, however, is generally dependent upon the severity of the conduct and the particular facts and circumstances surrounding it. In determining the degree of discipline to be imposed for such conduct, it has been held proper not only to consider such circumstances as might mitigate or extenuate the offense, but also proper

to consider the attorney's prior history of misconduct and any antecedent sanctions which may have been imposed." *Attorney Griev. Comm'n v. Singleton,* 305 Md. 259, 267–68, 503 A.2d 714 (1986) (quoting *Maryland State Bar Ass'n v. Phoebus,* 276 Md. 353, 362, 347 A.2d 556 (1975).

The Review Board's private reprimand of respondent for another instance of neglect indicates to us a pattern mandating imposition of more than a reported reprimand. Nevertheless, we note the respondent's voluntary return of a majority of Mrs. Remsburg's fees, his contrition, and his strides toward solving his personal problems. In light of these factors, we conclude that a sixty-day suspension is the proper sanction. Urisko's suspension shall commence thirty days from the date of the filing of the opinion in this case. Prior to the termination of the suspension, Urisko shall pay all costs of the disciplinary proceedings.

IT IS SO ORDERED: URISKO SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING ALL COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV 15c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST JAMES A. URISKO.